

STEVEN S. ALM
United States Attorney
District of Hawaii

ELLIOT ENOKI
First Assistant U.S. Attorney

CHRIS A. THOMAS
Assistant U.S. Attorney
Room 6100, PJKK Federal Building
300 Ala Moana Blvd., Box 50183
Honolulu, Hawaii  96850
Telephone:  541-2850

Attorneys for Plaintiff
UNITED STATES OF AMERICA

FILED IN THE
UNITED STATES DISTRICT COURT
DISTRICT OF HAWAII

FEB 0 7 2001

at ___ o'clock and __ min.___ M.
WALTER A.Y.H. CHINN, CLERK

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAII

| | |
|---|---|
| UNITED STATES OF AMERICA, | CR. NO. 00-00487 SOM |
| Plaintiff, | SUPERSEDING INDICTMENT |
| vs. | [21 U.S.C. §§ 841(a)(1), 841(b)(1)(A), 841(b)(1)(B) |
| MARK B. CHERRY, and (01) | 846, 952(a), 960(b), 963 |
| JOSE CRUZ NUNEZ-CURIEL, (02) | 8 U.S.C. § 1326, 18 U.S.C. |
| AKA "Tony" and "Estaban Billa", | § 1956(a)(1)(A)(i), 2, |
| UBALDO DELGADO-NUNEZ, (03) | 922(g)(3) and 924(a)(2)] |
| MICHAEL C. HAXTON, and (04) | |
| YVONNE B. HAXTON, (05) | |
| Defendants. | |

SUPERSEDING INDICTMENT

COUNT 1:

The Grand Jury charges that:

From on or about January, 2000, to and including December

13, 2000, in the District of Hawaii, and elsewhere,

MARK B. CHERRY
JOSE CRUZ NUNEZ-CURIEL
AKA "Tony" and "Estaban Billa",
and
UBALDO DELGADO-NUNEZ

defendants herein, did willfully and unlawfully conspire together with each other, and others known and unknown to the grand jury, to knowingly and intentionally import into the customs territory of the United States from any place outside thereof, 1 kilogram or more of a mixture or substance containing Heroin, a Schedule I controlled substance, and 500 grams or more of a mixture or substance containing Cocaine, a Schedule II controlled substance; in violation of Title 21, United States Code, Sections 952(a), and 960(b) and to knowingly and intentionally possess with intent to distribute one kilogram or more of a mixture or substance containing Heroin, a Schedule I controlled substance and 500 grams or more of a mixture or substance containing Cocaine, a Schedule II controlled substance; in violation of Title 21, United States Code, Sections 841(a)(1) and 841(b)(1)(A).

It was the object of the aforesaid conspiracy to import Heroin and Cocaine from Mexico into Hawaii and to distribute the Heroin and Cocaine in Hawaii.

OVERT ACTS

In furtherance of said conspiracy and to effect the objects thereof, the defendants performed overt acts in the District of Hawaii and elsewhere which include, but are not limited to, the following:

2

1.   During January 2000, UBALDO DELGADO-NUNEZ sold Heroin to CHERRY.

2.   During January 2000, CHERRY rented the residence at 47-644 Ala Wiki Street in Kahaluu, Oahu, for UABALDO DELGADO-NUNEZ, and others.

3.   During January 2000, UBALDO DELGADO-NUNEZ used 47-644 Ala Wiki Street in Kahaluu, Oahu, to store Heroin.

4.   During the early part of the month of December 2000, CHERRY met with JOSE CRUZ NUNEZ-CURIEL, and others, in Hawaii.

5.   On December 4, 2000, CHERRY flew from Hawaii to Mexico to pick up the drugs.

6.   From December 4, 2000, through December 12, 2000, CHERRY picked up in Mexico approximately 1.4 kilograms of Heroin and 1.55 kilograms of Cocaine.

7.   On December 13, 2000, NUNEZ-CURIEL traveled to Windward Mall in Hawaii to pick up the Cocaine and Heroin.

All in violation of Title 21, United States Code, Sections 846 and 963.

## COUNT 2:

The Grand Jury further charges that:

On or about December 13, 2000, in the District of Hawaii, and elsewhere, **JOSE CRUZ NUNEZ-CURIEL**, defendant herein, did knowingly and intentionally attempt to possess with intent to distribute, one kilogram or more of a mixture or substance containing a detectable amount of Heroin, a Schedule I controlled

substance, in violation of Title 21, United States Code, Sections 841(a)(1), 841(b)(1)(A) and 846.

### COUNT 3:

The Grand Jury further charges that:

On or about December 13, 2000, in the District of Hawaii, and elsewhere, **JOSE CRUZ NUNEZ-CURIEL**, defendant herein, did knowingly and intentionally attempt to possess with intent to distribute, in excess of five-hundred (500) grams or more of a mixture or substance containing a detectable amount of Cocaine, a Schedule II controlled substance, in violation of Title 21, United States Code, Sections 841(a)(1) and 841(b)(1)(B).

### COUNT 4:

The Grand Jury further charges that:

On or about December 13, 2000, within the District of Hawaii, the Defendant, **JOSE CRUZ NUNEZ-CURIEL**, was found in the United States after having been arrested and then removed from the United States on January 29, 1999, without first having obtained the consent of the Attorney General to reenter the United States, in violation of Title 8, United States Code, Section 1326(a).

### COUNT 5:

The Grand Jury further charges that:

On or about January 27, 2000, in the District of Hawaii and elsewhere, **JOSE CRUZ NUNEZ-CURIEL**, did willfully conduct a financial transaction affecting interstate and foreign commerce,

4

to wit, by causing to be wired the amount of $2,000.00 via Western Union from Hawaii to Mexico, which involved the proceeds of a specified unlawful activity, that is the distribution of heroin, with the intent to promote the carrying on of specified unlawful activity, and that while conducting such financial transaction knew that the property involved in the financial transaction, represented the proceeds of some form of unlawful activity.

All in violation of Title 18, United States Code, Sections 1956(a)(1)(A)(i) and 2.

<u>COUNT 6</u>:

The Grand Jury further charges that:

On or about April 7, 2000, in the District of Hawaii and elsewhere, **JOSE CRUZ NUNEZ-CURIEL,** did willfully conduct a financial transaction affecting interstate and foreign commerce, to wit, by causing to be wired the amount of $1,000.00 via Western Union from Hawaii to Mexico, which involved the proceeds of a specified unlawful activity, that is the distribution of heroin, with the intent to promote the carrying on of specified unlawful activity, and that while conducting such financial transaction knew that the property involved in the financial transaction, represented the proceeds of some form of unlawful activity.

All in violation of Title 18, United States Code, Sections 1956(a)(1)(A)(i) and 2.

COUNT 7:

The Grand Jury further charges that:

On or about May 10, 2000, in the District of Hawaii and elsewhere, **JOSE CRUZ NUNEZ-CURIEL,** did willfully conduct a financial transaction affecting interstate and foreign commerce, to wit, by causing to be wired the amount of $1,350.00 via Western Union from Hawaii to Mexico, which involved the proceeds of a specified unlawful activity, that is the distribution of heroin, with the intent to promote the carrying on of specified unlawful activity, and that while conducting such financial transaction knew that the property involved in the financial transaction, represented the proceeds of some form of unlawful activity.

All in violation of Title 18, United States Code, Sections 1956(a)(1)(A)(i) and 2.

COUNT 8:

The Grand Jury further charges that:

On or about August 5, 2000, in the District of Hawaii and elsewhere, **JOSE CRUZ NUNEZ-CURIEL,** did willfully conduct a financial transaction affecting interstate and foreign commerce, to wit, by causing to be wired the amount of $1,600.00 via Western Union from Hawaii to Mexico, which involved the proceeds of a specified unlawful activity, that is the distribution of heroin, with the intent to promote the carrying on of specified unlawful activity, and that while conducting such financial transaction knew that the property involved in the financial

6

transaction, represented the proceeds of some form of unlawful activity.

All in violation of Title 18, United States Code, Sections 1956(a)(1)(A)(i) and 2.

### COUNT 9:

The Grand Jury further charges that:

On or about August 11, 2000, in the District of Hawaii and elsewhere, **JOSE CRUZ NUNEZ-CURIEL,** did willfully conduct a financial transaction affecting interstate and foreign commerce, to wit, by causing to be wired the amount of $4,000.00 via Western Union from Hawaii to Mexico, which involved the proceeds of a specified unlawful activity, that is the distribution of heroin, with the intent to promote the carrying on of specified unlawful activity, and that while conducting such financial transaction knew that the property involved in the financial transaction, represented the proceeds of some form of unlawful activity.

All in violation of Title 18, United States Code, Sections 1956(a)(1)(A)(i) and 2.

### COUNT 10:

The Grand Jury further charges that:

On or about September 2, 2000, in the District of Hawaii and elsewhere, **JOSE CRUZ NUNEZ-CURIEL,** did willfully conduct a financial transaction affecting interstate and foreign commerce, to wit, by causing to be wired the amount of $2,500.00 via Western Union from Hawaii to Mexico, which involved the proceeds

7

of a specified unlawful activity, that is the distribution of heroin, with the intent to promote the carrying on of specified unlawful activity, and that while conducting such financial transaction knew that the property involved in the financial transaction, represented the proceeds of some form of unlawful activity.

All in violation of Title 18, United States Code, Sections 1956(a)(1)(A)(i) and 2.

COUNT 11:

The Grand Jury further charges that:

On or about November 14, 2000, in the District of Hawaii and elsewhere, **JOSE CRUZ NUNEZ-CURIEL,** did willfully conduct a financial transaction affecting interstate and foreign commerce, to wit, by causing to be wired the amount of $2,000.00 via Western Union from Hawaii to Mexico, which involved the proceeds of a specified unlawful activity, that is the distribution of heroin, with the intent to promote the carrying on of specified unlawful activity, and that while conducting such financial transaction knew that the property involved in the financial transaction, represented the proceeds of some form of unlawful activity.

All in violation of Title 18, United States Code, Sections 1956(a)(1)(A)(i) and 2.

COUNT 12:

The Grand Jury further charges that:

On or about November 23, 2000, in the District of Hawaii and elsewhere, **JOSE CRUZ NUNEZ-CURIEL,** did willfully conduct a financial transaction affecting interstate and foreign commerce, to wit, by causing to be wired the amount of $2,000.00 via Western Union from Hawaii to Mexico, which involved the proceeds of a specified unlawful activity, that is the distribution of heroin, with the intent to promote the carrying on of specified unlawful activity, and that while conducting such financial transaction knew that the property involved in the financial transaction, represented the proceeds of some form of unlawful activity.

All in violation of Title 18, United States Code, Sections 1956(a)(1)(A)(i) and 2.

COUNT 13:

The Grand Jury further charges that:

On or about December 20, 2000, in the District of Hawaii, defendants **MICHAEL C. HAXTON** and **YVONNE B. HAXTON,** who at the time were both unlawful users of a controlled substance, did knowingly possess in and affecting commerce firearms, that is: a Kahr Arms 9 mm pistol, serial number AM1050; Keltec 9mm Pistol, serial number 048281; Olympic Arms 5.56mm caliber rifle, serial number T7182; Loewe Berlim 7.62mm caliber rifle, serial number B3736; Loewe Berlim 7.62mm caliber rifle, serial number D5271; HK .45 caliber pistol, serial number 47-002829; Cobray 9mm caliber

pistol, serial number 94-0000975; Professional Ordcarbon 15 5.56 mm rifle, serial number C00309; Kimber Combat Carry .45 caliber pistol, serial number KC09687; Phillips & Rogers .38 caliber pistol, serial number BBD2056; Handmade .45 caliber pistol, serial number 124968; Wilson .45 caliber pistol, serial number WC001612; HK91 .308 caliber rifle, serial number A044407; Colt Officers .45 caliber pistol, serial number OU329; and an Interarms Rossi .38 caliber pistol, serial number AA799736.

All in violation of Title 18, United States Code, Sections 922(g)(3) and 924(a)(2).

DATED: _Feb 7_____, 2001 at Honolulu, Hawaii.

A TRUE BILL

/s/

_____
FOREPERSON, GRAND JURY

_____
STEVEN S. ALM
United States Attorney
District of Hawaii

_____
ELLIOT ENOKI
First Assistant U.S. Attorney

_____
CHRIS A. THOMAS
Assistant U.S. Attorney

United States v. Mark B. Cherry, et al.
"Superseding Indictment",
Cr. No. 00-00487 SOM

10